WHITE, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 4—May 21, 1918.*

*Workmen's compensation: "Performing service growing out of and incidental to his employment:" Transfer of mail.*

An employee, whose duty it was to transfer mail from a train on one railroad to a waiting train in a nearby station of another road, met the incoming train as it was coming to a stop at a crossing opposite said station and, the door of the mail car not being open as usual to discharge the pouch, climbed upon the side of the car to attract the mail clerk's attention or to ride upon the car to its depot. This method had been adopted and followed by others in doing the work, in order to expedite the transfer. In so boarding the car he fell and was fatally injured. *Held*, that he was at the time "performing service growing out of and incidental to his employment," within the meaning of sub. (2), sec. 2394—3, Stats.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court confirming an award of the *Industrial Commission.*

The appellant, *A. O. White,* was on November 10, 1916, under contract with the United States government to transfer mail from the station of the Chicago, Milwaukee & St. Paul Railway Company to the station of the Chicago & Northwestern Railway Company in the city of Madison. One Andrew Behrend was at said time and for four weeks prior thereto in the employ of the appellant. On the even-

ing of November 10th, shortly before the arrival of the train over the Portage division of the Chicago, Milwaukee & St. Paul Railway, Behrend was on the platform of the North-western station for the purpose of receiving the mail and making the transfer.    About the time the train was coming to a stop he climbed upon the side of the mail coach, took hold of the bars on each side of the middle door, slipped, and fell under the train, and received injuries from the effects of which he died.

The evidence shows that the appellant under his contract was required to meet the incoming train at the station, re-ceive the mail, and convey it to the other station.    There was evidence in the case that usually, when the train came to a stop opposite the Northwestern station or the intersection of the tracks, the employee of the appellant would be standing there and the mail dispatched to him at that point, but some-times when the train did not stop, or when the mail clerk was busy and did not have time to dispatch the mail at that point, the employee of the appellant would board the train and ride across the street to the station of the Chicago, Milwaukee & St. Paul Railway Company, where the mail would be dis-patched to him.

At the time in question the side door of the mail car was closed when the train approached on said evening of Novem-ber 10th, and Behrend climbed upon the car, evidently with the idea of attracting the attention of the mail clerk and re-ceiving the mail.    There is evidence that employees did board the train under such circumstances.

For the appellant there was a brief by *Richmond, Jack-man, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondents there was a brief by the *Attorney General* and *J. E. Messerschmidt,* attorneys for the *Indus-trial Commission,* and *Kroncke, Sauthoff & Murphy* of Madi-son, attorneys for *Agnes Behrend;* and the cause was argued orally by *Mr. Messerschmidt* and *Mr. George Kroncke.*

KERWIN, J. The only question involved in this case is whether at the time of his death Behrend was in the employ of the appellant performing services growing out of and incidental to his employment within the meaning of the statute, sub. (2), sec. 2394—3.

It is contended on the part of the appellant that because Behrend attempted to board the train and in so doing received the injuries he was not performing services growing out of and incidental to his employment. We think the contention of counsel for appellant is too narrow. The mere fact that Behrend might have stood upon the platform and received the mail in that way as was done upon some occasions did not take him outside of the scope of his employment when he received it in a different way and in a way which doubtless, under the testimony, was considered proper.

The manner of performing the service which Behrend had adopted at the time of the injury was often carried out in the same manner by others in doing that work. It was a way which had been adopted and followed at least to some extent in the performance of the service. It was clearly service growing out of and incidental to his employment although there might be different ways of performing such service.

This court, as well as others, has held that the Workmen's Compensation Act should be liberally construed. *Northwestern I. Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416; *Manitowoc B. Works v. Industrial Comm.* 165 Wis. 592, 163 N. W. 172; *Beaudry v. Watkins,* 191 Mich. 445, 158 N. W. 16; *Andrejwski v. Wolverine C. Co.* 182 Mich. 298, 148 N. W. 684; *Robertson v. Allan Bros. & Co.* 1 Butterworth's Workm. C. C. 172; *Nicol v. Young's P. L. & M. O. Co.* 8 Butterworth's Workm. C. C. 395; *Bullworthy v. Glanfield,* 7 Butterworth's Workm. C. C. 191; *Harding v. Brynddu C. Co.* [1911] 2 K. B. 747. Many other cases might be cited showing the liberal construction which has been placed upon workmen's compensation laws in this country as well as in England.

The learned trial judge below wrote an opinion, which is in the record, and is clear and concise upon the subject, and shows that under the evidence in the case and the authorities cited Behrend was at the time of his injury performing services growing out of and incidental to his employment. He said:

"The evidence establishes without controversy that it was decedent's duty to transfer the mail at the place of accident; that the mail would not be given to the decedent to transfer at this point unless he was at the door of the mail car when it was opened to discharge the pouch; that the train stopped at this place for a railroad crossing, at which it is common knowledge that trains stop only long enough to come to the dead stop required by law; that if decedent was not at the door of the mail car when it was opened the pouch would be carried on to the depot; that the train to which the pouch was to be transferred was then standing at its depot, and that the mail-car door was not open to discharge the pouch at the point where deceased first met the mail car. It is apparent that decedent had but a limited time in which to perform his duty of transferring this mail.

"This state of facts does support the finding of the *Commission* that the decedent was performing services growing out of and incidental to his employment, especially when it is shown that others who had performed the same duty during the preceding fourteen years had ridden on the train while it was in motion in order to expedite the transfer of this mail. It was decedent's duty to get the mail and transfer it to the waiting train that was to carry it south. All that he did tended to expedite the performance of that duty. The fact that in so doing he was negligently exposing himself to danger does not warrant a denial of compensation."

We deem further discussion of the case unnecessary.

*By the Court.*—The judgment of the court below is affirmed.

Owen, J., took no part.