HARLOFF and another, Respondents, vs. MERWIN, Respondent, and INDUSTRIAL COMMISSION OF WISCONSIN, Appellant.

*May 8—June 1, 1920.*

*Workmen's compensation: Election by employee: Evidence: Making claim against third person causing injuries: Action to review award of industrial commission: Amendment of complaint.*

1. Under sec. 2394—19, Stats., an employer, suing to set aside an award of the industrial commission, could at the trial amend his complaint by setting up as an additional ground certain matter relating to a settlement by the injured employee with a third person whose negligence caused his injuries.

2. In view of the circumstances of the case, acceptance by the injured employee during some weeks of medical, surgical, and hospital services from his employer is *held* not to have constituted an election under the workmen's compensation act (sec. 2394—25, Stats.), the question in each case being one of intention.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Merwin* was an employee of *Harloff.* *Harloff* lived on a farm a short distance from the city of Milwaukee, and was subject to the provisions of the compensation act. While going from the farm of his employer to Milwaukee, *Merwin* rode his motorcycle, which was fastened to the rear of his employer's wagon. He intended to take the motorcycle to a shop for repair. *Merwin* was run into by one E. M. Brah and sustained severe injuries. He was immediately taken to a hospital, where he remained for about eleven weeks. His employer and the insurance carrier paid the surgical, medical, and hospital bills. While in the hospital, *Merwin* was visited by Brah, who admitted his liability for the injuries which *Merwin* had sustained, and Brah proposed a settlement. After some solicitation by Brah and on the 19th day of September, 1916, *Merwin* accepted from Brah

$1,000 in cash and an automobile worth $200. Within a day of the expiration of two years from the date of his injury *Merwin* filed a claim for compensation against his employer under the provisions of the workmen's compensation act. The settlement with Brah was made after *Merwin* was fully advised as to his rights under the compensation law, and further, that if he made the settlement it would constitute an election on his part, and that his employer would not be liable. The *Industrial Commission* held that the acceptance of the medical, surgical, and hospital treatment constituted an election on *Merwin's* part which amounted to the making of a claim; that *Merwin,* therefore, at the time he made the settlement with Brah, was not the owner of the claim, and that the settlement was a nullity; that the employer was liable for compensation; allowed credit for the $1,200 received by *Merwin,* and gave him an award against his employer for $280.45.

The employer began this action in the circuit court for Dane county to review the award made by the *Industrial Commission.* The original complaint alleged that the *Industrial Commission* acted without and in excess of its powers in making each of six different findings; the allegations being made in separate paragraphs as to each finding. The complaint, however, made no reference to the fact that the *Commission* had failed to find that a settlement was made by *Merwin* with Brah. Upon the trial, September 2, 1919, the court permitted the complaint to be amended so as to set up the settlement. The trial court held that the payment of the bill for medical, surgical, and hospital care did not amount to "the making of a lawful claim . . . for compensation" within the meaning of sub. 1, sec. 2394—25, Stats.; that it did appear that the employee had made a claim against the third party for damages and in addition had fully settled such claim; that the making of such claim was a waiver of any claim for compensation against his employer.

Judgment was entered vacating and setting aside the award of the *Industrial Commission,* and from this judgment the *Industrial Commission* appeals.

For the appellant there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

*James T. Drought* of Milwaukee, for the respondents *Harloff* and *Royal Indemnity Company.*

ROSENBERRY, J.   The appellant contends that the trial court erred in allowing an amendment to the complaint. Sec. 2394—19, Stats., provides:

". . . Within twenty days from the date of the order or award, any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant.   In such action a complaint, which shall state the grounds upon which a review is sought, shall be served with the summons. . . . Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds:

"(1) That the commission acted without or in excess of its powers.

"(2) That the order or award was procured by fraud.

"(3) That the findings of fact by the commission do not support the order or award."

The complaint alleged "that the defendant, the *Industrial Commission of Wisconsin,* acted without and in excess of its powers in making the following finding:"—after which the first finding was set out.   With a like introduction each of the six findings made was set out.   The contention of the appellant is that each of the separate paragraphs constitutes a cause of action, and that the introduction by way of amendment of the matter relating to the settlement was the introduction of a new cause of action, and therefore not permissible because by the terms of the statute such action

was not brought within twenty days of the date of the order or award, as provided in the statute.

We regard this as entirely too technical and restrictive a construction upon the provisions of the statute in question. There is only one cause of action—that to review the award of the *Commission.* It may proceed upon any of three grounds, and not upon other grounds. The matter brought in by way of amendment alleged additional facts upon which the plaintiff sought to maintain its allegation that the *Commission* had acted without or in excess of its powers. There was but one cause of action and not six. In making the award the *Commission* could act but once without or in excess of its powers. Inasmuch as the amendment introduced no new cause of action, but set out additional facts upon which the plaintiff's cause of action might be maintained, reference to cases holding that where a cause of action is barred by the statute of limitations it cannot be introduced by way of amendment to an action begun before the statute applied, have no bearing upon this question. Had the plaintiff sought to introduce by amendment facts which tended to show that the award should be set aside because procured by fraud, or that the findings did not support the award, a different question would be presented, as to which we make no intimation.

The second contention of appellant is that the court erred in holding that *Merwin* elected to pursue his common-law remedy against Brah, and the plaintiffs were thereby released from liability for compensation.

Sec. 2394—25, Stats. 1915, provides:

"1. The making of a lawful claim against an employer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of his employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party.

"2. The making of a claim by an employee against a third party for damages by reason of an accident covered by sections 2394—3 to 2394—31, inclusive, shall operate as a waiver of any claim for compensation against the employer."

This assignment of error involves the contention that, by accepting the medical, surgical, and hospital services furnished by the plaintiffs, *Merwin* had made an election under the provisions of sub. 1, sec. 2394—25.

In the month of August, 1916, the attorney for *Merwin* wrote several letters to *Harloff* in relation to *Merwin's* claim. On August 17th he wrote:

"What agreement or terms have you come to with Mr. Brah in relation to the personal injury suit of *Harry Merwin?* . . . *Mr. Merwin* is desirous of having the same adjusted with as little delay as possible, and if no action against Mr. Brah will be successful, that we can have the same adjusted by your company."

On August 30th he wrote:

"Unless some substantial offer of settlement is made, we will have to proceed to a hearing before the *Industrial Commission* to adjust the same."

On September 15th he wrote:

"I have been waiting for a reply concerning the *Merwin* matter, regarding which some time ago you stated that undoubtedly the same would be settled within a short time. I wish you would give me full and exact information regarding Mr. Brah's attitude towards this case and what he intends to do regarding settling the same, so that I may be in position to proceed accordingly."

On September 19th *Merwin* settled with Brah, executing a full and complete release.

Admitting that the medical, surgical, and hospital services rendered constitute compensation in ordinary cases, we are of the opinion that the *Industrial Commission* was in error in holding that acceptance of such aid under the

circumstances of this case constitutes an election under the provisions of sec. 2394—25. We shall not attempt to lay down a rule which shall apply to all cases. Whether or not the injured employee has made an election under this provision of the statute is a question of intention in each case, and each case must therefore rest upon its peculiar facts. It may be said, however, that in any case the injured employee must do something which amounts to an election on his part to claim satisfaction either from his employer or the negligent third party for the injury which he has sustained. Until he has done something which evidences his intention to pursue either the one course or the other the choice remains open to him. The passive acceptance of medical, surgical, and hospital aid did not in this case amount to such an election. When taken to the hospital he was unconscious and in no position to make an election. How can an election be inferred under such circumstances? At what point in his convalescence can it be said that acceptance of such aid constituted an election to claim satisfaction of his employer? The statute should be so construed as to give the employee a choice free from any restraint. The acceptance of temporary benefits, although in this case extending over a period of eleven weeks and amounting to a considerable sum, did not constitute such an election. The evidence, including the letters of his attorney, shows plainly that he wavered in his choice, and that when he did choose he chose to proceed against Brah. Procedure against the third party is made by the terms of the statute to operate as a waiver of any claim for compensation against the employer.

The trial court therefore correctly held that the award of the *Industrial Commission* should be vacated and set aside.

*By the Court.*—Judgment affirmed.