Town of Stephenson, Respondent, vs. Schelk and
another, Appellants.

*December 17, 1920—January 11, 1921.*

*Workmen's compensation: Construction of statute: Negotiations
with tortfeasor as waiver of compensation from employer.*

1. Sec. 2394—25, Stats. 1917 (the workmen's compensation act),
   should be liberally construed to afford workmen a remedy
   for meritorious claims.
2. Where an employee of a town was injured while working on
   one of its roads by being shot by one or the other of two
   campers firing at a target, mere negotiations with the campers
   as to what he would accept in settlement, unaccompanied by
   a demand or a notice that if they did not pay he would take
   further steps against them, do not constitute a "claim" against
   a third person for damages within the meaning of sub. 2, sec.
   2394—25, Stats. 1917, operating as a waiver of any claim for
   compensation against the employing town; the word "claim"
   meaning a demand of some matter as of right, made by one
   person upon another to do or forbear to do some act or thing
   as a matter of duty.

Appeal from a judgment of the circuit court for Dane
county: E. Ray Stevens, Circuit Judge. *Reversed.*

Action to review an award of the *Industrial Commission,*
given under the workmen's compensation act, secs. 2394—3
to 2394—31, Stats., by which the plaintiff town was ordered
to compensate the defendant, its employee, for injuries.
The trial court set aside the award and the employee brings
this appeal.

Appellant *Schelk* was in the service of the respondent
town on July 18, 1918, working upon a road which was con-
siderably used for travel. It appears to have been in a region
sparsely settled and frequented by hunters in season. It was
not hunting season, however, in July. Near by, but hidden
by brush from the portion of the road where appellant was
at work, was a place where it appeared fishermen and
sportsmen frequently camped. There was evidence that
shooting, probably target shooting, was frequently heard

in the neighborhood. Appellant had heard none near this camping place, however, in the three days he had worked there until the injury occurred, and never gave it a thought that he might get shot there.

While appellant was working he heard a shot and heard the bullet pass near him. He called out with the intention of attracting the attention of the shooters, but a second shot was heard and the bullet struck him, causing the loss of an eye.

Appellant went in the direction of the shooting and found two campers, one McDonald and one Stibbe, who admitted having fired the shots. They had both fired several shots with a twenty-two caliber rifle at a target in front of the brush not knowing that there was a road behind it and thinking that there would be nobody there. They did not know which of them had fired the shot which struck appellant.

The campers took appellant in their automobile to medical attendance and a hospital. They voluntarily paid the medical and hospital expenses themselves without informing appellant until later.

It appears to have been nearly a year after the injury before appellant took further action except to inform the chairman of the town about his injury. Then he consulted a lawyer or two. It does not appear very clearly just what advice he received, except an opinion that McDonald and Stibbe could be held liable and advice that there might be doubts about recovery from them. He knew that there was a compensation act under which there would be possibility of his recovering compensation from the town; a lawyer he consulted seems to have suggested proceeding under it. He desired to escape antagonizing the town, however, and figured he was going to make McDonald and Stibbe pay for it instead. He really did not intend to make claim against the town until after certain occurrences which led up to the claim on which the present award was given.

With this the situation, the appellant went to one of the men who did the shooting. The exact language used does not clearly appear, but the upshot of it was that he asked what they intended to do about compensation, or if they intended to compensate him, and said that if they wanted to settle he would accept $1,000 plus lost wages and expenses as a settlement. He never wrote to them. They promised to let him know soon what they would do. Accordingly appellant received a letter asking him to come to Oconto. When he arrived McDonald and Stibbe took him to a friend, now appellant's counsel. The lawyer seems to have been acting as friend rather than retained by anybody at this time. He asked what appellant wanted in settlement. Appellant repeated his willingness to settle for the same amount as previously proposed. The lawyer then told him that while he might get judgment against McDonald and Stibbe, they had no property, could go into bankruptcy, and that it would be very doubtful if he would ever recover anything. The lawyer then suggested a claim against the town under the act and the present claim resulted.

The *Commission,* in an opinion without findings of facts so designated, state that the negotiations with McDonald and Stibbe did not amount to "the making of a claim" within the meaning of sub. 2, sec. 2394—25, Stats. 1917, which would operate as a waiver of any claim against respondent. They also state, though it appears with some hesitation, that there was such evidence of camping and shooting in the neighborhood that, together with "the well recognized practice of campers and sportsmen to engage in target shooting," and considering the location of the road, being shot accidentally became a special hazard of appellant's employment.

The trial court set aside the award on the ground that the *Commission* acted without and in excess of its powers in finding that no claim had been made against the third persons, holding that the evidence indisputably showed the

making of such a claim.   He did not consider, in his memorandum opinion, the question of whether the danger of being shot was such as to become a hazard of the business so as to make the occurrence an industrial accident.

Counsel in their briefs upon this appeal argue only upon the question on which the trial court set aside the award; they do not discuss the other point.

For the appellant *Schelk* there was a brief by *Classon & Whitcomb* of Oconto.

For the appellant *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent there was a brief by *Miller & Miller* of Marinette, and oral argument by *Edward W. Miller.*

JONES, J.   No claim has been made in the argument or brief of the respondent town that the appellant did not have a meritorious claim against the town under the workmen's compensation act, although it seems to have been urged before the *Commission* that the injury was not one incidental to the employment.

Appellant clearly had a cause of action against the person who fired the shot.   He may have had doubts whether he had a cause of action against both McDonald and Stibbe, and, if not, whether he could have proved who discharged the shot.   Before he fully determined on the best course to pursue he became convinced of the difficulties in the way of obtaining compensation from McDonald and Stibbe.   Naturally his first thought was that these parties or one of them should make compensation.

Although appellant preferred obtaining compensation from McDonald and Stibbe to antagonizing the town, they never made him any definite offer and he never accepted any proposition made by them.   His proposal was not accepted and was abandoned.   He was willing to negotiate

with them and would have accepted $1,000 and his expenses if they had been willing and able to make the payment. Before any conclusion was reached they took the claimant to their lawyer friend and he became satisfied that his most certain remedy was against the town.   One of the facts determining his course of action was the doubt whether a judgment against McDonald and Stibbe would be collectible. Appellant never told McDonald and Stibbe that he demanded any certain payment.   Even if he hoped that they would pay him he did not notify them that he should prosecute a claim against them if they did not pay.   Although he consulted an attorney as to his rights against them, no demand was made or notice given by any attorney.

There is undoubtedly considerable force in the argument that appellant made a claim against McDonald and Stibbe. But the real question is whether it was such a claim as, within the meaning of the statute, forfeited or waived appellant's claim against the town.   The statute existing at the time (Stats. 1917) was as follows:

"Section 2394—25.   1. The making of a lawful claim against an employer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of his employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party.

"2.  The making of a claim by an employee against a third party for damages by reason of an accident covered by sections 2394—3 to 2394—31, inclusive, shall operate as a waiver of any claim for compensation against the employer."

The statute should be liberally construed.   *White v. Industrial Comm.* 167 Wis. 483, 485, 167 N. W. 816, and cases cited.   It should be so construed as to afford workmen a remedy for meritorious claims; not so construed as to deprive them of just compensation merely because they discuss and investigate their remedies or even because they

may have had some negotiations with parties other than the employer when these negotiations have led to no result and have brought no detriment to the employer. A "claim" is frequently defined judicially as "a demand of some matter as of right, made by one person upon another to do or forbear to do some act or thing as a matter of duty." See Words & Phrases, title "Claim." The word seems to contemplate something rather unequivocal, something in the nature of a demand rather than a request. At least this would seem to be the proper meaning of the word in a statute like this, where, by a stricter construction, an employee through ignorance of the law might forfeit a just claim by having conversations and negotiations with another than his employer.

The only case cited which bears directly upon the questions involved is *Harloff v. Merwin*, 172 Wis. 30, 177 N. W. 913, 915. In that case it was held that claimant had made his election to pursue his remedy against a third party. But the proof showed that his attorney had written several letters showing that such a claim had been made, and the employee had actually received $1,200 from the third party and given a release in full.

No claim is made that the payment of the medical and hospital expenses by McDonald and Stibbe without the knowledge of appellant bars his claim.

*By the Court.*—Judgment of the circuit court is reversed, and the cause is remanded with instructions to affirm the award of the *Industrial Commission,* with costs to be paid by the respondent town.