COMBINED LOCKS PAPER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 7—May 12, 1925.*

*Workmen's compensation: Claim by dependent against third person for wrongful death: Waiver of claim to compensation: Statutes: Construction: Dependent or personal representative as employee.*

1. A widow who makes a claim against a railroad company for damages for the wrongful death of her husband and subsequently settles her cause of action, is not entitled under the workmen's compensation act to compensation from the employer of her husband, as the making of the claim against a third person constitutes a waiver of any rights under the act. p. 51.
2. The term "employee" as it appears in sub. 2, sec. 2394—25, Stats. 1921, should be construed to include the dependents and personal representative of a deceased employee, as any other construction would defeat the plain public policy of the statute. p. 52.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed, with directions.*

November 9, 1921, Fred Kray was a driver of a dray truck for Emil A. Buss. On that day, while so employed, he was accidentally killed by a train of the Chicago & North-

western Railroad Company while crossing the tracks of the company.

At such time he was hauling a load of freight for the *Combined Locks Paper Company.* Buss was a drayman, making regular trips. On that day he had been called on the phone by the *Combined Locks Paper Company* to haul for it the load of freight in question. He had hauled freight for the company before. When he hauled a mixed load for different parties he had a regular charge of two cents per hundred for the trip. When he had a full load he charged what would be reasonable under the circumstances. This was the condition under which he was doing the hauling on November 9, 1921.

Buss, the *Combined Locks Paper Company,* and Fred Kray were subject to the compensation act. Buss did not carry compensation insurance.

*Olga Kray,* the widow of Fred Kray, was appointed administratrix of the estate, and as such, on the 17th of October, 1922, she adjusted a claim against the railroad company for damages on account of the death of her husband, and gave a release in full to the company as to her claim, both as widow and as administratrix. Thereafter she made application to the *Industrial Commission* against the *Combined Locks Paper Company* for compensation under the compensation act. The *Commission* made an award in her favor, which the company and its insurer here contest, claiming that by making claim against the railroad company she waived her claim against the *Paper Company.*

Sub. 1, 2, sec. 2394—25, Stats. 1921, of the compensation act, applicable to this case, read as follows:

"Section 2394—25. 1. The making of a lawful claim against an employer or compensation insurer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer or insurer may

enforce in their own name or names the liability of such other party for their benefit as their interests may appear.   If a recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary or beneficiaries shall be entitled to any amount recovered over and above the amount that the employer or insurer, or both, have paid or are liable for in compensation to such beneficiary or beneficiaries, after deducting reasonable cost of collection, and in no event shall the beneficiary receive less than one third the amount recovered from the third party, less the reasonable cost of collection.   Settlements of such claims and the distribution of the proceeds therefrom must have the approval of the court wherein the litigation is pending, or if not in suit, of the industrial commission.   The beneficiary shall be entitled to reasonable notice and opportunity to be present in person or by counsel at the approval proceedings.   The failure of the employer or compensation insurer in interest to pursue his remedy against the third party within ninety days after written demand by a compensation beneficiary, shall entitle such beneficiary or his representatives to enforce liability in his own name, accounting of the proceeds to be made on the basis above provided.

"2. The commencement of an action by an employee against a third party for damages by reason of an accident covered by sections 2394—3 to 2394—31, inclusive, or the adjustment of any such claim, shall operate as a waiver of any claim for compensation against the employer."

The *Industrial Commission* found for the widow and awarded compensation.   The circuit court on review upheld the award but apportioned two thirds of the amount of the recovery against the railroad company on the settlement to the reduction of the award.

The employer and its insurance carrier appeal and assign as errors that Emil A. Buss was not a contractor under the employer of Kray, and that in any event the widow, by settling her claim against the railroad company, waived any claim she had against the employer of Kray.

For the appellants there was a brief by *Julius P. Frank*, attorney, and *Heber H. Pelkey* of counsel, both of Appleton, and oral argument by *Mr. Frank*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CROWNHART, J. There should be no doubt of the meaning of sub. 1, sec. 2394—25; Stats. 1921. It is there plainly stated:

"The making of a lawful claim against an employer or compensation insurer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear."

The legislative intent was to allow the employer to recover from the third party liable to damages under sec. 4255, as an offset to his liability for compensation, up to two thirds of such recovery, and for that purpose the making of a lawful claim by the widow for compensation should have operated as an assignment of her claim or that of her personal representative against the third party to the employer. Such employer then had control of such claim subject to the conditions imposed by the statute, and might settle the same or bring action thereon in his own name.

It follows that the widow could not defeat the plain purpose of the act by first settling her claim against the third party and then recovering compensation against the employer. She had her option to take compensation and one third of any recovery the employer might obtain against the third party, or she could waive compensation and claim under sec. 4244, Stats. In this case she chose the latter remedy and must abide by her choice.

The statute so construed is entirely favorable to the claimant for compensation. She can make her claim for compensation, and if she fails to establish a lawful claim

she may then seek her remedy in tort against the third party. It is unfortunate for the widow that she did not follow the plain intent of the law.

There has been some confusion over the construction of the second paragraph of sec. 2394—25, Stats. Clearly, that paragraph was not intended to limit the first paragraph. It was an attempt to declare a waiver of the party entitled to compensation, where such party should begin an action for damages against a third party instead of making claim for compensation. The two paragraphs are to be read together to get the legislative intent. The term "employee" in the second paragraph should be construed to include a dependent of an employee and his personal representative. Any other construction would defeat the plain public policy of the statute.

It is claimed by the respondent that this court has held otherwise in *Miller Scrap Iron Co. v. Boncher*, 173 Wis. 257, 180 N. W. 826. We do not think so. In that case the claim against the third party was necessarily made under secs. 13702 and 13703, Howell's Statutes of Michigan. Under such statutes it is pointed out in the opinion in the *Boncher Case, supra,* that the recovery was not in favor of the widow, as it would have been under the Wisconsin statutes, and therefore the widow or her personal representative had no control over the prosecution of the action. There the suit was begun by the administrator of the estate for the benefit of the estate.

Because of the decision we have reached on the purpose of the statutes, it becomes unnecessary to consider whether Buss was a contractor under the appellant employer.

*By the Court.*—The judgment of the circuit court is reversed, with directions to the circuit court to reverse the award of the *Industrial Commission.*