KRELL, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*January 16—February 10, 1931.*

The cause was submitted for the appellant on the brief of *Schanen & Huiras* of Port Washington; for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general; and for the respondents Cream City Sand Company and Zurich General Accident & Liability Insurance Company on that of *Shaw, Muskat & Sullivan* of Milwaukee.

FRITZ, J.   It is undisputed that plaintiff's husband, while in the employment of the defendant Cream City Sand Company, was fatally injured on November 18, 1927, by being struck by an automobile under such circumstances that plaintiff, on January 6, 1928, commenced a civil action, by the service of a summons on third parties, to recover from them the damages which she sustained by reason of their negligence in colliding with her husband.   Subsequent to the commencement of that action by plaintiff, she filed an application with the Industrial Commission for compensation to be paid by her husband's employer because of that injury. The Industrial Commission denied her application on the ground that under sec. 102.29 (2), Stats. 1927, her commencement of an action against the third parties for damages sustained by her by reason of the accident, operated as a waiver by her of any claim for compensation against her husband's employer.

This case is controlled by sec. 102.29 (2), Stats. 1927,

and not by that section as amended by ch. 453, Laws of 1929. Sec. 102.29 (2), Stats. 1927, provided:

"The commencement of an action by an employee or his dependent against a third party for damages by reason of an accident covered by sections 102.03 to 102.34, inclusive, or the adjustment of any such claim, shall operate as a waiver of any claim for compensation against the employer."

Plaintiff contends that when she commenced her action on January 6, 1928, she did not know that her husband was employed by the Cream City Sand Company at the time of his accident, so as to entitle her to compensation payable by that corporation. That contention is not warranted under the evidence. There is ample proof that she knew that her husband was then in the employment of the defendant, under such circumstances as to entitle her to the payment of compensation by his employer.

Plaintiff further contends that under sec. 102.29 (2), Stats. 1927, a waiver results only when there has been an intentional relinquishment of a known right by an applicant for compensation. The plain and simple wording of that section does not admit of any inquiry as to the actual intention of a claimant in previously commencing such an action for damages, when the claimant is charged with a waiver by reason of such commencement. It is sufficient to render the statute operative that there has been the commencement of an action by the claimant against a third party for damages by reason of the accident. Such commencement is expressly and unequivocally declared by the statute to operate as a waiver of any claim for compensation against the employer. By virtue of the statute itself, claimant's voluntary commencement of such an action constitutes a voluntary relinquishment of her right to compensation under ch. 102, Stats.

As stated in *Combined Locks Paper Co. v. Industrial Comm.* 187 Wis. 48, 51, 203 N. W. 946:

"She had her option to take compensation and one third of any recovery the employer might obtain against the third party, or she could waive compensation and claim under sec. 4244, Stats. In this case she chose the latter remedy and must abide by her choice.

"The statute so construed is entirely favorable to the claimant for compensation. She can make her claim for compensation, and if she fails to establish a lawful claim she may then seek her remedy in tort against the third party. It is unfortunate for the widow that she did not follow the plain intent of the law."

The decisions in *Miller Scrap Iron Co. v. Boncher,* 173 Wis. 257, 180 N. W. 826, and *Harloff v. Merwin,* 172 Wis. 30, 177 N. W. 913, are not applicable to the facts in the case at bar. In the *Miller Scrap Iron Co. Case,* as in the case at bar, the application for compensation was made by the widow of an employee fatally injured in an accident. But in that case the action for damages for the death of the husband had been commenced by the personal representative of his estate, and not by the widow. There had been no act or conduct on the part of the widow—no commencement of an action by her—that could operate as a waiver by her of her claim to compensation, and consequently that decision is not in point. The case of *Harloff v. Merwin, supra,* did not arise under sec. 102.29 (2), Stats., as it was in 1927. No action against third parties had been commenced by the claimant for compensation, and no question of waiver by reason of such an unequivocal act as the prior commencement of such an action was involved in that case.

*By the Court.*—Judgment affirmed.