ROACH, Appellant, vs. SANBORN LAND COMPANY, imp., Respondent.

*October 6—October 26, 1909.*

*Law of the case: Decision on former appeal: Tax titles: Setting aside void tax deeds: Repayment by mortgagee of taxes paid by claimant after acquiring equity of redemption: Appeal: Review: Orders: Exceptions: Costs for printing.*

1. The decision on a former appeal is the law of the case and, whether right or wrong, is controlling upon a second appeal in the same action.

2. Where under a mortgage or trust deed the owner of the equity of redemption is bound to pay all taxes upon the land he cannot, as against the mortgagee, ascribe such payment to his attitude as claimant under a tax title, especially where the tax title is void as a title and effective merely as a lien.

3. In an action by the holder of notes secured by a trust deed to set aside certain tax deeds of the lands it was decided on a former appeal that the tax deeds were void and that plaintiff was entitled to have them set aside on payment of the amounts for which the lands were sold and "the amounts of subsequent taxes paid by the tax-title claimant," with interest, as provided in sec. 1210*h*, Stats. (1898). Before the action was commenced defendant had acquired the fee title to the equity of redemption from the grantors in the trust deed, which deed contained the usual covenant for payment of taxes. *Held*, that taxes paid by defendant after acquiring such fee title were not "paid by the tax-title claimant" within the meaning of the former decision, and plaintiff was not bound, either by sec. 1210*h*

or by the mandate on the former appeal, to reimburse defend-
ant therefor.

4. An order confirming and adopting a referee's report as to the
amounts to be paid by the plaintiff as a condition precedent to
his right to judgment setting aside tax deeds, is an order in-
volving the merits and necessarily affecting the judgment, and
therefore, under sec. 2898, Stats. (1898), is a part of the judg-
ment roll and under sec. 3070 is reviewable on appeal from the
judgment, whether excepted to or not.

5. The conclusion of law involved in such order is reviewable on
appeal without exception to the findings of fact upon which it
is based or settlement of a bill of exceptions containing all the
evidence.

6. Costs are not allowed for printing of a case not in compliance
with Supreme Court Rule 6.

APPEAL from a judgment of the circuit court for Forest
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action, commenced in November, 1902, asserted
plaintiff's lien by virtue of the ownership of certain notes
secured by a trust deed on premises in Wisconsin, and claims
against the same lands by virtue of certain tax sales and deeds
held by various defendants, and sought to clear the title.
The several answers set forth that all said tax rights had been
conveyed to the *Sanborn Land Company,* and that it owned
the lands by valid tax deeds. Upon a previous appeal it was
settled by this court that plaintiff's lien upon the land was
valid, that the tax deeds were void, and that plaintiff was
entitled to have said deeds set aside upon payment of the
amounts for which the lands were sold "as well as the amounts
of subsequent taxes paid by the tax-title claimants," with in-
terest at fifteen per cent., in compliance with sec. 1210$h$,
Stats. (1898). *Roach v. Sanborn L. Co.* 135 Wis. 354, 115
N. W. 1102. After *remittitur,* the several amounts for which
the lands were sold and for all taxes subsequently paid
thereon up to and including those for the year 1907 were
ascertained upon reference, and the amount thereof, with
fifteen per cent. interest, $3,575.46, was required to be paid
as a condition of judgment setting aside defendants' tax

deeds. It appeared that in November, 1902, shortly before the commencement of the suit, the defendant *Sanborn Land Company*, the holder of the tax deeds, acquired the fee title to the equity of redemption by mesne conveyances from the grantors in the trust deed, which by the way contained the usual covenants for payment of taxes. Since said time the claims under the tax deeds and the equity of redemption have been in the same party, by whom the taxes have been paid. It was found by the referee that on November 15, 1902, before suit, plaintiff had tendered to the county clerk an amount more than sufficient to redeem all of said tax liens then existing, together with interest and charges thereon. Plaintiff paid to the clerk of court under protest the said amount of taxes and interest, whereupon judgment was entered canceling the tax deeds and barring defendants from any claim under them. After judgment an order was entered to pay defendant *Sanborn Land Company* all the money so deposited upon its filing bond conditioned on repayment of any sum that may hereafter finally be determined should be returned to the plaintiff. This appeal is taken from the judgment by plaintiff.

*Samuel Shaw*, for the appellant.

For the respondent there was a brief by *Sanborn, Lamoreux & Pray*, and oral argument by *A. W. Sanborn*.

DODGE, J. The appellant's principal contention upon this appeal is that the defendant, who held the ostensible tax titles on the mortgaged property, having acquired the fee title, which was burdened with the duty of paying all taxes, is not entitled to receive anything as a condition of declaring plaintiff's mortgage interest free from the defendant's tax liens. That contention is, however, in contradiction of the express decision of this court upon the former appeal to the effect that, as a condition of canceling those tax deeds, plaintiff should repay the cost and taxes with fifteen per cent.

interest. That decision is the law of the case, and must control, whether right or wrong. *Cole v. Clarke,* 3 Wis. 323; *McCord v. Hill,* 117 Wis. 306, 94 N. W. 65; *State v. Wis. Cent. R. Co.* 133 Wis. 478, 113 N. W. 952; *Steele v. Korn,* 137 Wis. 51, 120 N. W. 261.

It is also claimed, however, that the order of the trial court went further than required by this mandate, for that the latter only commands that there shall be paid all "subsequent taxes *paid by the tax-title claimants,*" and that taxes paid after November, 1902, by the *Sanborn Land Company,* when it held the fee title subject to a duty to pay taxes, cannot be deemed to have been paid by it as the tax-title claimant, although it also held certain tax liens. But the order for payment includes those subsequent taxes. We see no escape from this contention of plaintiff. The law is well settled that expenditure of money for taxes by the holder of the fee title will be deemed a payment of the tax, and especially so as against a mortgagee whose mortgage requires the holder of the equity of redemption to pay all taxes. In such case the owner of the equity of redemption cannot be allowed, as against the mortgagee, to ascribe such payment to his attitude as tax-title claimant, especially where the tax title is void, as a title, and effective merely as a lien. *Smith v. Lewis,* 20 Wis. 350, 354; *Avery v. Judd,* 21 Wis. 262; *Hill v. Buffington,* 106 Wis. 525, 535, 82 N. W. 712; *Allen v. Allen,* 114 Wis. 615, 630, 91 N. W. 218. This would be the measure of the legal rights of the parties under sec. 1210*h,* Stats. (1898), and it is not to be presumed that the mandate of this court was intended to extend any further, in the absence of clear and unambiguous language. At the time of the former decision there had been no showing that any taxes had been paid subsequent to the commencement of the suit in November, 1902, or that the defendant claimed reimbursement of any such taxes, and, while the court was informed of the fact that the fee title had been acquired by the *Sanborn Land*

*Company,* and might have inferred that probably somebody had paid taxes between 1902 and April, 1908, when the decision in this court was rendered, yet, in the absence of assertion of any such claim, there is no necessary implication that the words of the mandate were intended to include subsequent taxes paid by the holder of the fee title. We therefore conclude that the plaintiff was not required, either by sec. 1210*h* or by the mandate on former appeal, to reimburse the defendant for any payment of taxes made after the commencement of the suit, and that the order requiring it is erroneous.

Respondent protests that any error in this regard is excluded from consideration on this appeal by failure of the plaintiff to reserve any exceptions or to settle a bill of exceptions containing all the evidence. These omissions exist, and have occasioned us much embarrassment. We think, however, that the record discloses the error, although perhaps not in its exact extent. The report of the referee, which is part of the record, expressly states that in the sum of $3,575.46, found to be due the defendant up to July 8, 1908, is included all taxes for the years 1895 to 1907, also that the total amount necessary to redeem on November 15, 1902, was only $1,486.91. The order of the court is expressly founded upon, and confirms and adopts, the report of the referee. This order is one obviously involving the merits and which necessarily affects the judgment, and therefore, by virtue of sec. 2898, Stats. (1898), is part of the judgment roll and of the record, and by virtue of sec. 3070, Stats. (1898), may be reviewed upon appeal, whether excepted to or not. The facts found are not questioned, but merely the conclusion of law, reviewable without exception. It clearly appears from the record, therefore, that the appellant was erroneously compelled to pay the amount of all taxes assessed for the years 1902 to 1907, inclusive, with fifteen per cent. interest thereon up to the 16th of December, 1908. The amount

thereof must be ascertained and refunded to appellant with six per cent. interest from the date when respondent received the same, apparently March 6, 1909. This can probably be best accomplished by a direct order, when the amount is ascertained, commanding the repayment, enforceable either under the contempt powers of the court or by authorizing suit upon the bond filed by respondent. This can probably be done without disturbing the judgment, which, after such repayment is accomplished, correctly adjudicates the rights of the parties.

The printed case on this appeal is in no sense a compliance with Supreme Court Rule 6, requiring it to contain "an abridgment of the record so far as necessary to present the questions for decision." It contains many pages of wholly irrelevant matter by no means necessary or pertinent to the questions brought up on appeal, and it fails to contain many essential parts of the record, whereby this court has been driven, at the expense of much time and labor, to a search through the manuscript record. Rule 44 prohibits the allowance of costs for such case.

*By the Court.*—Judgment affirmed, and cause remanded for further proceedings in accordance with this opinion. Appellant to recover costs, except for printing case.