MILLER SCRAP IRON COMPANY and another, Appellants, vs.
BONCHER and another, Respondents.

*December 17, 1920—January 11, 1921.*

*Workmen's compensation: Death of employee: Action by personal
representative against third person: Waiver by widow of
right to compensation: Industrial commission: Failure to make
findings as to immaterial facts: Effect.*

1. The act of the administratrix of the estate of a deceased em-
ployee in bringing a common-law action against the superin-
tendent of the employing company, who was driving an auto-
mobile in which the employee was riding at the time of the
accident, to recover damages for his death under secs. 13702
and 13703, Howell's Michigan Statutes, is *held* not to have
waived the right of the widow of the deceased to claim com-
pensation from the employer under the Wisconsin workmen's
compensation act.
2. The administratrix being charged with the duty of collecting
the assets of the estate and subject to no direction except by
the court which appointed her, requests, suggestions, or advice
by the widow in reference to the prosecution of the common-
law action are immaterial, as the administratrix had absolute
control over it.
3. Where the facts pleaded before the industrial commission by
the employer and insurer as a defense to the widow's applica-
tion for compensation for the death of her husband constituted
no defense, the commission was not required to make findings
with reference thereto, and its failure so to do is therefore
immaterial.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court con-
firming an award of the *Industrial Commission* made Sep-
tember 22, 1919, and confirming an order of the *Industrial
Commission* made November 24, 1919, refusing to vacate
said award of September 22d. The award was for $3,000
in favor of *Mary Boncher* and against the *Miller Scrap Iron
Company* and *Georgia Casualty Company,* as compensation
under the workmen's compensation act for the death of
Joseph Boncher, husband of *Mary Boncher,* while in the

employ of the *Miller Scrap Iron Company*. The accident resulting in death occurred in the state of Michigan, where and while Boncher was in the employ of the *Miller Scrap Iron Company*. The parties were residents of the state of Wisconsin, where the contract of employment was made and where the principal services under such contract of employment were to be performed. Both parties were subject to the provisions of the workmen's compensation act.

Shortly after the death of Joseph Boncher, *Mary Boncher* procured the appointment of an administratrix of his estate in the county court of Brown county, and the administratrix commenced and prosecuted a common-law action against the *Miller Scrap Iron Company* and Herman Miller, who was superintendent of said company and who was driving the automobile in which Joseph was riding at the time of the accident, to recover damages for the death of said Joseph Boncher, basing the action upon a statute of the state of Michigan providing for damages in case of death by wrongful act, similar to our sec. 4255. A judgment was obtained in the lower court, which was reversed in this court (*Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935) as to the defendant *Miller Scrap Iron Company* for the reason that the liability of said company for the death of Boncher was governed by the terms of the Wisconsin workmen's compensation act. At the request of the plaintiff in that action, and for no other reason, judgment was also reversed as to Herman Miller. The case was remanded to the municipal court of Brown county, where Herman Miller moved to dismiss the action upon its merits as to him. Thereupon the plaintiff in that action tendered the prosecution thereof to the *Miller Scrap Iron Company,* which was declined. The *Miller Scrap Iron Company* as well as the plaintiff, however, resisted the motion to dismiss the action as to Herman Miller, but the motion was granted.

After the decision of this court in the common-law action *Mary Boncher* applied to the *Industrial Commission* for compensation. The *Miller Scrap Iron Company* and the

*Georgia Casualty Company,* its insurer, were made respond-
ents, and they filed separate answers. The substance of the
defense made by each of the respondents (appellants here)
was that by the commencement of the common-law action
by the administratrix of the estate of Joseph Boncher, *Mary
Boncher* had waived her right to compensation under the
workmen's compensation act. On September 17, 1919, the
*Industrial Commission* made an award granting compensa-
tion to *Mary Boncher* in the sum of $3,000. On September
22, 1919, the *Commission* having discovered that part of the
first award did not run against the *Georgia Casualty Com-
pany* as well as the *Miller Scrap Iron Company,* an amended
award was made correcting the error in that respect. On
September 27, 1919, the present plaintiffs applied to the
*Industrial Commission* for an order vacating the award, bas-
ing the application on the ground that after said amended
award, and on the 24th day of September, 1919, the com-
mon-law action had been dismissed as to Herman Miller in
the municipal court of Brown county, which action preju-
diced the rights of these plaintiffs and which prejudice re-
sulted from the acts of *Mary Boncher* in having prosecuted
the action to judgment and then having such judgment vol-
untarily reversed as to him. The application was denied.
Separate actions were then commenced in the circuit court
for Dane county to review the awards of September 17th
and 22d and the order refusing to vacate the same. These
actions were later consolidated. From a judgment of the
circuit court for Dane county confirming the orders and
awards of the *Industrial Commission* plaintiffs bring this
appeal.

For the appellants there were briefs by *Richmond, Jack-
man, Wilkie & Toebaas* of Madison, and oral argument by
*Harold M. Wilkie.*

For the respondent *Boncher* there was a brief by *Kaftan
& Reynolds* of Green Bay, and oral argument by *R. A.
Kaftan.*

For the respondent *Industrial Commission* there was a

brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

Owen, J.   It is appellants' contention that the award made by the *Industrial Commission* should be vacated and set aside because the prosecution of the common-law action by the administratrix of the estate of Joseph Boncher against the *Miller Scrap Iron Company* and Herman Miller to recover damages for his death operated as a waiver on the part of *Mary Boncher* of any claim for compensation against the *Miller Scrap Iron Company* under the workmen's compensation act, secs. 2394—25 to 2394—31, inclusive.   Their argument in this behalf is based on the provisions of sub. 2, sec. 2394—25, Stats. 1919, which provides that "the commencement of an action by an employee against a third party for damages by reason of an accident covered by secs. 2394—3 to 2394—31, inclusive, or the adjustment of any such claim, shall operate as a waiver of any claim for compensation against the employer."   It is to be observed that the express terms of this statutory provision do not provide that the commencement of an action by a personal representative of a deceased employee against a third person shall operate as a waiver, on the part of the personal representative, of any claim for compensation against the employer for the death of the employee.   Appellants contend that, although not so expressly stated, nevertheless the statute should be so construed in order to carry out the manifest legislative intent. Our views with reference to this will appear as we proceed.

The original action brought by the administratrix was based on secs. 13702 and 13703 of Howell's Michigan Statutes, which provided, in effect, that whenever the death of a person shall be caused by wrongful act which would, if death had not ensued, have entitled the party injured to . maintain an action therefor, the person who would have been liable if death had not ensued shall be liable to an action for

damages notwithstanding the death, which shall be brought by and in the name of the personal representatives of such deceased person.   It was also provided that the amount recovered in any such action should be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate.   The money recovered in an action so authorized constitutes assets of the estate.   *Findlay v. C. & G. T. R. Co.* 106 Mich. 700, 64 N. W. 732; *Carbary v. Detroit U. Ry.* 157 Mich. 683, 122 N. W. 367.   The widow had no peculiar interest in the money which might have been recovered in that action.   Her interest therein was no different from that of her interest in any other personal property asset of the estate.   Heirs, whether dependent or not, were entitled to participate in the amount recovered.   The trial of that action, therefore, was entirely with the administratrix.   She was subject to no direction or control except by the court which appointed her.   If this cause of action constituted an asset of the estate, it was the duty of the administratrix to prosecute it if it seemed to be the beneficial thing to do from the standpoint of the estate.   The widow enjoyed no power of direction or control over the action of the administratrix in this respect.   If this be true, it is difficult to perceive why anything which the administratrix might have done in that action should be construed as a waiver on the part of the widow to compensation under the workmen's compensation act.

It was the duty of the administratrix to act for the benefit of the estate and not for the benefit of the widow.   If there was a conflict between the interest of the widow and the interest of the estate, she had but one course to pursue, and that was to be faithful to the interest of the estate without regard to its effect upon the interest of the widow.   Counsel for appellants seem to appreciate this legal truth, but they rely upon the fact, as asserted by them, that *Mrs. Boncher* had procured the appointment of the administratrix, had in-

duced the commencement of the common-law action, had participated in that case throughout and had controlled the same, and after judgment was obtained against Herman Miller she had procured a reversal of such judgment, to the prejudice of the *Miller Scrap Iron Company* and the *Georgia Casualty Company.* Of course as a matter of law *Mrs. Boncher* had no control whatever over that action. The administratrix had absolute control over it, and *Mrs. Boncher* had no legal power or control over the administratrix. It matters not what the moral influence of *Mrs. Boncher* was over the administratrix or the extent to which the administratrix deferred to the requests, suggestions, and advice of *Mrs. Boncher* in the prosecution of that case. Whatever was done by the administratrix was done upon her own responsibility, in a legal sense, and she alone can be held to an account of the manner in which she had discharged her duties towards the estate.

Compensation under the workmen's compensation act belongs exclusively to the dependents of the deceased,—in this case his widow. Such compensation does not become assets of the estate, and the administrators of the estate have nothing to do with it. The liability of Herman Miller and that of the *Miller Scrap Iron Company* are not only distinct liabilities arising from different considerations, but they are liabilities to different parties. The liability of Herman Miller is to the estate of the deceased under the Michigan statute. The liability of the *Miller Scrap Iron Company* is to the widow under the Wisconsin workmen's compensation act. There is no logic which will justify the conclusion that the prosecution of the action by the administratrix against Herman Miller for the benefit of the estate can operate as a waiver by the widow of her right to compensation under the Wisconsin workmen's compensation act against the *Miller Scrap Iron Company*. The language of the statute does not expressly declare a waiver under such circumstances, and the foregoing considerations are suffi-

Miller Scrap Iron Co. v. Boncher, 173 Wis. 257.

cient reasons for us to decline to so construe it. Waiver is generally defined as the voluntary relinquishment of a known right, and it must be predicated upon the conduct of the party charged therewith. To say that *Mrs. Boncher* waived her right to compensation because the administratrix prosecuted the common-law action would be a misuse of the term. . The action of the administratrix cannot constitute waiver on the part of *Mrs. Boncher* according to the ordinary significance of that term. If it was the legislative intent to deprive *Mrs. Boncher* of compensation, the legislature most signally failed to express that intent, and it would be judicial usurpation for us to supply it by construction.) The equities of this case occasion no regret for the conclusion which we feel imperative, and if the legislative intent is otherwise than here determined, there is ample opportunity for an early amendment of this statute.

It follows that the facts pleaded before the *Industrial Commission* by the plaintiffs here as a defense to the application for compensation constituted no defense thereto. Such facts constituting no defense, the *Industrial · Commission* was not required to make findings with reference thereto, and its failure so to do, which plaintiffs assign as error, is wholly immaterial. It mattered not whether those facts were true or false, and the *Industrial Commission* properly disregarded them in arriving at its conclusions and award.

*By the Court.*—Judgment affirmed.