ANDERSON, Plaintiff, vs. MILLER SCRAP IRON COMPANY, Appellant, and HERMAN MILLER, Respondent.

*March 9—May 3, 1921.*
*December 16, 1921—April 11, 1922.*

*Workmen's compensation: Place of accident: What law governs: Payment of compensation to widow as assignment of claim against third person: Action by administrator: Cause of action created by laws of sister state.*

1. An application for workmen's compensation by an employee operates, under sec. 2394—25, Stats., as an assignment of any cause of action that the employee may have against a third person; and when compensation is paid to the dependents of the employee, the cause of action existing by virtue of the statutes (sec. 4255) in favor of the personal representatives of the employee to recover damages for the death of such employee is assigned to the employer.

2. An application by a widow of the employee for compensation does not operate as an assignment of a cause of action existing by virtue of the statutes of a sister state in favor of the personal representatives of an employee, as the widow does not own such cause of action, and neither the legislature nor the courts of one state have power to interfere with a cause of action created by the laws·of a sister state.

*On rehearing:*

3. Where the accident causing death occurred in another state, the rights and liabilities of the parties are fixed by the laws of such state.

4. Where an employee who died as the result of an accident occurring in the state of Michigan did not make claim for workmen's compensation during his lifetime or assign the cause of action, the payment of compensation on the application of the surviving widow did not operate as an assignment of the cause of action, sec. 14578 of the Compiled Laws of Michigan of 1915 vesting the cause of action in such employee and after his death in his personal representatives.

[5. The assumption that this action was based on the death statute of Michigan, whereas it is based on the survival act of that state, does not affect the conclusion of the original opinion.]

Eschweiler, J., dissents.

Appeal from a judgment of the municipal court of Brown county: N. J. Monahan, Judge. *Modified and affirmed.*

This action was commenced to recover damages resulting from the wrongful death of plaintiff's decedent. He was an employee of the *Miller Scrap Iron Company.* The *Miller Scrap Iron Company* and the decedent were ·both residents of Wisconsin. The contract of employment was a Wisconsin contract, and both were under the workmen's compensation act. Death occurred by reason of the overturning of an automobile driven by *Herman Miller,* an officer of the *Miller Scrap Iron Company,* in the state of Michigan, while on the way to the performance of certain work for the *Miller Scrap Iron Company.* Upon appeal the judgment rendered in favor of the plaintiff was reversed by this court in an opinion to be found in 169 Wis. 106, 170 N. W. 275, 171 N. W. 935, to which reference is made for a more complete statement of the facts of the case. It

was reversed as to *Herman Miller* upon plaintiff's request that if the judgment should be reversed as to the *Miller Scrap Iron Company* it should also be reversed as to *Herman Miller*. Upon *remittitur* to the lower court a motion was made on behalf of both defendants to dismiss the action on the merits. No objection was made to the dismissal of the action as to the *Miller Scrap Iron Company*. The plaintiff and the *Miller Scrap Iron Company* both objected to the dismissal of the action as to the defendant *Herman Miller*. The motion, however, was granted, and from the order granting such motion the *Miller Scrap Iron Company* brings this appeal.

For the appellant there were briefs by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie*.

For the respondent there were briefs by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *Lynn D. Jaseph*.

The following opinion was filed May 3, 1921:

OWEN, J. After the decision in this case, reported in 169 Wis. 106, 170 N. W. 275, 171 N. W. 935, the widow, Mrs. Boncher, made application for compensation under the provisions of the workmen's compensation act. The industrial commission made an award in her favor, which award was affirmed by this court in *Miller Scrap Iron Co. v. Boncher*, 173 Wis. 257, 180 N. W. 826. The *Miller Scrap Iron Company* claims that it has acquired this cause of action and is entitled to continue the prosecution thereof against *Herman Miller;* that it was aggrieved by the dismissal of the action as to *Herman Miller* by the lower court, and brings this appeal to secure a reversal of such judgment of dismissal.

For its title to the cause of action set forth in the complaint appellant relies upon sec. 2394—25, Stats., which provides:

"The making of a lawful claim against an employer or compensation insurer for compensation under sections

2394—3 to 2394—31, inclusive, for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear."

No doubt this statute operates as an assignment of any cause of action that the employer may have against a third party where the employee is the applicant for compensation. It is equally clear that it operates as an assignment of any cause of action existing by virtue of the statutes of this state in favor of the personal representatives of the employee to recover damages for his death where such personal representatives are applicants for compensation. Where the employee is the applicant the law which entitles him to compensation requires as a condition thereof that such claim be assigned, and when he applies for compensation he consents to the assignment. Then, too, under our prior ruling in this case, the compensation law enters into and becomes a part of the contract of employment between the employer and employee where both are under the act, "not as a covenant thereof but to the extent that the law of the land is a part of every contract." It is a part of the contract of employment, therefore, that in case of injury the employee shall be compensated according to the provisions of the compensation act, which provides that any claim the employer may have for damages against third persons stands assigned to the employer upon his paying compensation.

But it is obvious that the employee cannot by contract, in his lifetime, assign a cause of action which the law creates in favor of his dependents, his personal representatives, or his estate to recover damages on account of his death by wrongful act. That is a cause of action created not for his benefit but for the benefit of those who survive him. He has no interest therein during his lifetime. It does not

accrue until his death. Manifestly he cannot assign that cause of action to any one, for the simple reason that he has no interest therein. But as the compensation act becomes a part of his contract of employment, the liability of the employer is fixed by the terms of that act, as held in the prior decision of this case.

Sec. 4255, Stats., gives rise to a cause of action in favor of the persons therein mentioned for the recovery of damages where death results from the wrongful act of another. Where an employee comes to his death through the wrongful act of his employer, sec. 4255 must be read in connection with the provisions of the workmen's compensation act. That act modifies the provisions of sec. 4255 so far as the liability of an employer for the death of his employee is concerned. Where the relation of employer and employee exists, the personal representatives of the deceased, or his dependents, are to be compensated not under sec. 4255 but by virtue of the compensation act. This is because the legislature, which gave rise to the cause of action created by sec. 4255, having full power to change, alter, or repeal the same, has seen fit to provide that the liability of an employer for the death of his employee shall be of a different nature, and that when the employer pays the compensation required by the terms of the compensation act the cause of action created by sec. 4255 against a third party shall be assigned to him as a matter of law.

There is no difficulty in arriving at this conclusion where the cause of action against the third party arises under and by virtue of the statutes of this state. That cause of action is at all times under the control of the legislature of this state, which body may provide a different remedy under certain conditions, and provide that when the employer pays compensation the cause of action which the personal representatives of the deceased had against a third party shall stand assigned to the employer.

But we have a different situation where the cause of action against such third party arises by virtue of a statute of a sister state. The cause of action against *Herman Miller* is based on a statute of the state of Michigan. Now the question is, How does the *Miller Scrap Iron Company* acquire the right which the statute of the state of Michigan vests in the administratrix of the estate of Boncher to that cause of action? Manifestly such a transition of title cannot be attributed to any act of Boncher during his lifetime, because, as already pointed out, he had no title thereto and was impotent to convey title to any one else. The legislature of this state is powerless to modify that cause of action as between an employer and the personal representatives of an employee, as it plainly may do where the cause of action is created by the laws of this state. The liability of *Herman Miller* is created by the Michigan statute. The liability is in favor of the Boncher estate. The proceeds belong to the estate. They do not belong exclusively to the widow, or to those defined as dependents by our compensation act. To recognize the right of the legislature of this state to say that certain conditions shall operate as an assignment of that cause of action, or that it shall inure to the benefit of any except those specified by the law of Michigan, is to ascribe to the legislature of this state extraterritorial power. To apply the provisions of the workmen's compensation act to the present cause of action is to take away from some of the beneficiaries of that cause of action the benefits thereof and confer them upon another. Neither the legislature nor the courts of this state have power to interfere with a cause of action created by the laws of a sister state. It is very plain that the *Miller Scrap Iron Company* derives no title to the cause of action set up in the complaint, by virtue of the laws of this state, and that the section of the statute heretofore quoted, while effectual to transfer to the employer a cause of action arising under the laws of

this state, is not effectual for that purpose where the cause of action arises by virtue of a statute of a sister state.

It is equally clear, for reasons stated in our opinion in *Miller Scrap Iron Co. v. Boncher,* 173 Wis. 257, 180 N. W. 826, that the application for compensation made by the widow cannot operate as an assignment of the cause of action, for the simple reason that she does not own the same. For the very reason that the prosecution of the action by the administratrix could not be held to constitute a waiver of compensation on the part of the widow, as was pointed out in that case, it must be held that the widow's application for compensation does not amount to an assignment of that cause of action. As she does not own the cause of action she is powerless to make an assignment thereof. Much less can an assignment result as a matter of law from any act or conduct on her part.

From these considerations it results that the *Miller Scrap Iron Company* has acquired no title to the cause of action existing under and by virtue of the Michigan statutes. That is the cause of action, and the only cause of action, set forth in the complaint in this case. The *Miller Scrap Iron Company,* therefore, is in nowise concerned with the disposition of the case made by the lower court. The only one prejudicially affected by that judgment is the plaintiff, the administratrix of the estate, and she has not appealed. As the appellant has no interest in the cause of action set forth in the complaint, and is not affected by the judgment dismissing the action as to *Herman Miller,* it is unnecessary for us to consider whether the action of the lower court was consistent with the mandate of this court on the former appeal. That question could be raised only upon the appeal of the administratrix, who has apparently acquiesced in the trial court's disposition of the case.

In view of the fact, however, that the *Miller Scrap Iron Company* may have some further remedy against *Herman*

*Miller* in the nature of indemnity or otherwise, we think that should it see fit to institute proceedings to enforce any right it may have against *Herman Miller* it should not be embarrassed in the prosecution thereof by questions which may be raised concerning the effect of the judgment entered herein as it relates to other causes of action which the *Miller Scrap Iron Company* may have against *Herman Miller.* We think, therefore, the judgment should be modified so as to indicate plainly that as between the *Miller Scrap Iron Company* and *Herman Miller* the action is dismissed without prejudice to the rights of the *Miller Scrap Iron Company.*

*By the Court.*—The judgment is modified so as to read as follows: It is ordered and adjudged that the above entitled action be and the same is hereby dismissed on its merits as to the defendant *Miller Scrap Iron Company.* As to the defendant *Herman Miller* it is dismissed on its merits so far as the plaintiff is concerned and without prejudice so far as the *Miller Scrap Iron Company* is concerned. As so modified the judgment is affirmed.

Eschweiler, J., dissents.

On October 26, 1921, the following order was made:

A rehearing having been granted herein, it is ordered that the case be placed at the foot of the December, 1921, assignment for reargument, and the following questions are suggested for discussion:

1. The opinion rendered herein is based on the assumption that the cause of action upon which judgment was rendered never vested in the deceased and did not survive. This appears to have been an erroneous assumption, and the appellant contends that the logic of the opinion does not apply to a situation where the cause of action vested in the deceased and survived. We have not had the benefit of re-

spondent's views on this question and we desire an expression of his opinion thereon.

2. Was there in fact reversible error in the trial proceedings resulting in the judgment against *Herman Miller,* which was reversed in 169 Wis. 106?

3. Upon that appeal the judgment was reversed and the cause remanded for further proceedings according to law. Did the judgment of the trial court dismissing the complaint as to *Herman Miller,* from which judgment this appeal is taken, under the circumstances constitute further proceedings according to law in conformity with that mandate? If not, what course should the trial court have followed in obedience to the mandate? At that time did the *Miller Scrap Iron Company* have such an interest in the cause of action set forth in the complaint as to entitle it to be heard in opposition to the motion to dismiss as to *Herman Miller?*

4. Upon this appeal, has this court power or jurisdiction to modify its former mandate by directing that judgment be entered in favor of the *Miller Scrap Iron Company* and against *Herman Miller,* or in any other manner? Does the record disclose that the *Miller Scrap Iron Company,* or the casualty company, succeeded to the rights of the plaintiff in the cause of action set forth in the complaint?

5. Any other questions that may occur to counsel.

The cause was reargued on December 16, 1921, and the following opinions were filed April 11, 1922:

Owen, J. (*on rehearing*). The foregoing opinion proceeded on the assumption that the cause of action upon which recovery was obtained was founded upon the death statute of the state of Michigan. Upon a motion for rehearing our attention was called to the fact that the original complaint set forth two causes of action, one based on the death statute and the other on the survival act of the state of Michigan, by virtue of which a cause of action to

recover damages for personal injuries survived and vested in the personal representatives of the deceased, and that during the course of the trial the cause of action founded on the death statute of the state of Michigan was dismissed, and only the survived cause of action was submitted to the jury.    It was urged upon such motion that the logic of the opinion did not apply to such survived cause of action, because it had vested in the deceased prior to his death.    It appearing that this might be true, a rehearing was granted and the question thus raised was fully argued.

It appears that the death statute of the state of Michigan gives rise to a cause of action in favor of the personal representatives of a deceased person who has come to his death by the wrongful act of another only when there is no substantial interval between the accident or wrongful act and the death.    Where there is any substantial interval a cause of action vests in the injured person, which upon his death survives and vests in his personal representatives. Under the decisions of the Michigan supreme court the measure of damages in such survived action includes "loss of earning ability of the injured person for the length of time that he probably would have lived had he not been injured and the loss sustained by reason of being deprived by such injury of the ability to labor and earn money during the time he probably would have lived had he not been injured."    *Olivier v. Houghton Co. St. R. Co.* 134 Mich. 367, 96 N. W. 434.

In this case Boncher lived about five weeks after the injury, so that there was a substantial interval between the accident and his death.    Consequently a cause of action vested in him prior to his death, which survived and vested in his personal representatives.    But unlike the cause of action which survives under the statutes of this state, it was competent for his administrator to recover not only for the damage sustained by him up to the time of his death,

but for the loss of earnings during the time he probably would have lived had he not been injured. The practical effect of this ruling by the supreme court of the state of Michigan is to dispense with two causes of action and to make all damages recoverable in one cause of action, whether death be instantaneous or not.

The fact is, however, that this accident occurred in the state of Michigan. The rights and liabilities of the parties are fixed by the law of the state of Michigan. *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W. 241. The cause of action is based on the law of the state of Michigan. The law of that state was proved upon the trial, and the jury were authorized to assess damages conformably to the law of that state. The only difference, therefore, between the cause of action upon which recovery was obtained and the cause of action assumed in the opinion is that this cause of action did vest in Boncher prior to his death. While what was said in the opinion to the effect that a transition of the title to the cause of action from Boncher to any one else "cannot be attributed to any act of Boncher during his lifetime, because, as already pointed out, he had no title thereto and was impotent to convey title to any one else," is not applicable to the cause of action with which we are dealing, it by no means follows that the cause of action was assigned by Boncher to any one else. There is no claim that he attempted to assign it during his lifetime. Neither did he make application for compensation during his lifetime. Had he made such application it probably would have worked an assignment of his cause of action against *Herman Miller* to his employer, under the provisions of sec. 2394—25, Stats. But he did not do so, consequently no assignment of the cause of action can be attributed to any act of his. It should be noted that no assignment of such a cause of action takes place under the compensation act until application is made for compensation under the act.

Anderson v. Miller Scrap Iron Co. 176 Wis. 521.

Upon his death the cause of action vested in his personal representatives, by force of the Michigan survival statute. It was a different cause of action from that which would have vested in the personal representatives of the deceased under and by virtue of the statutes of this state had the accident occurred in this state. The action which survives under our statutes is an action for the damages which he had sustained up to the time of his death. The action which survived and vested in his personal representatives by virtue of the Michigan statute was an action to recover damages, including his loss of earning power, during the time he might probably have lived.

There is no room, therefore, for saying that the cause of action set forth in the complaint, upon which recovery was obtained, is not founded upon the Michigan statute. It is a cause of action which vested in the plaintiff administratrix under and by virtue of the Michigan law, not for the benefit of the widow, but for the benefit of those who would take the intestate personal property of the deceased. Sec. 14578, Compiled Laws of Michigan, 1915. It is beyond the power of the legislature of this state to divert this action from the plaintiff administratrix. While, as stated in the opinion, this may be done with reference to a cause of action created by the statutes of this state, because such a cause of action is at all times under the control of the legislature of this state, to attribute power to our legislature to thus interfere with a cause of action springing from the statutes of another state is to accord to the enactments of the legislature of this state extraterritorial effect. It is beyond the power of the legislature of this state to provide that one person can assign a cause of action which belongs to another, or that any act on the part of one shall operate as an assignment of a cause of action arising under the laws of a sister state, and which the statutes of that state vest in another. We adhere to the conclusion announced in the original opinion.

Anderson v. Miller Scrap Iron Co. 176 Wis. 521.

Eschweiler, J. (*dissenting*).   One Joseph Boncher, a
resident of Wisconsin, was employed by the defendant com-
pany, a Wisconsin corporation.   They were both subject
to the workmen's compensation act.   On June 30, 1917,
in the course of his employment, but while in the state of
Michigan, Boncher was fatally injured through the over-
turning of an automobile driven by defendant *Herman Mil-
ler,* secretary and agent of the defendant company.   On
the death of Boncher shortly after the accident the plaint-
iff was appointed his administratrix in Brown county, Wis-
consin.   She brought this action in the municipal court of
Brown county to recover damages against both the em-
ployer and *Herman Miller* for negligence, asserting her
right upon certain Michigan statutes.

The defendant company asserted as a defense that any
and all remedies on account of the injury to and death of
the employee, Joseph Boncher, were for compensation under
the Wisconsin compensation act and nowhere else.

Upon special verdict the jury found that there was neg-
ligence by the defendant *Herman Miller,* the agent of the
defendant company, resulting proximately in the injury to
and consequent death of Boncher, and assessed damages of
$4,000.   Upon appeal here the judgment entered against
both defendants was reversed.   The judgment as to the
defendant *Herman Miller* was reversed at plaintiff's re-
quest.

Thereupon the widow of deceased brought proceedings
before the industrial commission for an award of damages
on account of the death of her husband.   Such an award
of $3,000 against the *Miller Scrap Iron Company* and the
Georgia Casualty Company was made in September, 1919,
and confirmed here.   173 Wis. 257, 180 N. W. 826.

Prior to the award by the industrial commission this ac-
tion was dismissed in the court below as to the *Miller Scrap
Iron Company* without any objection.   It was also dis-
missed as to the defendant *Herman Miller* over the objec-

tion of the plaintiff and the *Miller Scrap Iron Company.*
That company then appealed from such order to this court
and a decision rendered herein on May 3, 1921. A motion
for a rehearing was then made on behalf of the *Miller Scrap
Iron Company,* upon which an opinion is now filed by the
majority.

The decision now made on this motion for a rehearing is
in effect that the rights and liabilities of the personal rep-
resentative of Joseph Boncher, being the plaintiff adminis-
tratrix; of the defendant employer, which has already been
required to pay full compensation for the injury arising
from the accident to and death of Joseph Boncher; of its
insurance carrier; and of *Herman Miller,* the agent of the
defendant company, through whose negligence it was
claimed the injury occurred, are now to be governed and
controlled by the laws of Michigan rather than by the laws
of Wisconsin. That is not only the effect of the present
ruling, but its express language so states: "The rights and
liabilities of the parties are fixed by the law of the state of
Michigan. *Bain v. N. P. R. Co.* 120 Wis. 412, 98 N. W.
241." And again: "The cause of action is based on the
law of the state of Michigan." It is also held that the de-
fendant company, the employer, has no right of subroga-
tion to the tort cause of action, if any such there be, against
*Herman Miller.* There is no question but that if the law
of Wisconsin governs, there must be subrogation or assign-
ment of such possible tort action by the express language
of sec. 2394—25, Stats., which reads, so far as material,
as follows:

"The making of a lawful claim against an employer or
compensation insurer for compensation under sections
2394—3 to 2394—31, inclusive, for the injury or death of
an employee shall operate as an assignment of any cause of
action in tort which the employee or his personal representa-
tive may have against any other party for such injury or
death; and such employer or insurer may enforce in their

own name or names the liability of such other party for their benefit as their interests may appear. If a recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary or beneficiaries shall be entitled to any amount recovered over and above the amount that the employer or insurer, or both, have paid or are liable for in compensation to such beneficiary or beneficiaries, after deducting reasonable cost of collection, and in no event shall the beneficiary receive less than one third the amount recovered from the third party, less the reasonable cost of collection."

On the first appeal it was held (169 Wis. 106, 170 N. W. 275, 171 N. W. 935): 1st. That the contract of employment received a statutory inflexibility; 2d, that such statutory contract governed the rights and liabilities of the personal representative of the employee as well as of employer and employee; 3d, that such contract and such control over the rights and liabilities of the parties is extraterritorial. It was said as follows:

"The liability of the employer under the act being statutory, the act enters into and becomes a part of every contract, not as a covenant thereof, but to the extent that the law of the land is a part of every contract." Page 115.

Also:

"The right of the employee to recover the compensation provided for by the act is exclusive of all other remedies against the employer for any injury which the employee may sustain, *and in the event of his death the same limitation applies to his personal representatives.*" Page 115.

Again:

"The contract of employment was made within this state and the action is brought in the courts of this state, and the *question is whether or not in this case the rights and liabilities of the parties should be determined in accordance with the workmen's compensation act or in accordance with the law of the state of Michigan, where the injuries occurred.*" Page 116.

And also:

"The workmen's compensation act of Wisconsin is so far a part of every contract of employment that the rights and liabilities of the parties thereto in case of injury to the employee, both being subject to it, must be determined in accordance with its provisions, *whether such injuries occur within or without the state.* The act is controlling as to the rights and liabilities of the parties to the contract wherever the contract of employment is valid. The statutory liability of the employer is exclusive of all other liability of the employer where both parties are under the act." Page 118.

It resulted in a holding that the personal representative, plaintiff here, could not enforce a judgment in tort for $4,000 damages which she had obtained under the Michigan statutes against the employer, for the negligence of its servant. It also held that, in lieu of such judgment, the only right that existed for this plaintiff as personal representative of the deceased was for compensation under the Wisconsin statute whereby the widow received but $3,000 in lieu of the $4,000.

Since that case has been decided the supreme court of Michigan reached exactly the same conclusion as to their compensation act in a proceeding where a widow claimed compensation under a Michigan contract of employment on account of the death of her husband in the state of Illinois. *Crane v. Leonard, Crossette & Riley,* 214 Mich. 218, 183 N. W. 204, quoting at length from our former opinion herein (169 Wis. 106, 170 N. W. 275, 171 N. W. 935). It is a fair presumption that the courts of Michigan would recognize fully the contractual rights and liabilities of the respective parties herein, as they are bound by the statutory contracts of our workmen's compensation act in any proceedings instituted in that state.

The present holding and that on the first appeal are not merely inconsistent but absolutely contradictory. The holding in the first appeal became the law of this case (*Pulp Wood Co. v. Green Bay P. & F. Co.* 168 Wis. 400, 404, 170

Anderson v. Miller Scrap Iron Co. 176 Wis. 521.

N. W. 230), and must control even if subsequent consideration should convince us that the first holding was wrong. *Legault v. Malacker,* 166 Wis. 58, 60, 163 N. W. 476; *Jeffery v. Osborne,* 145 Wis. 351, 359, 129 N. W. 931; *Roach v. Sanborn L. Co.* 140 Wis. 435, 438, 122 N. W. 1020; *Strehlau v. John Schroeder L. Co.* 152 Wis. 589, 592, 142 N. W. 120; *John v. Pierce, ante,* p. 220, 186 N. W. 600.

Being firmly convinced that the first ruling was correct and should be adhered to and is in line with the authorities elsewhere and particularly in Michigan, where the cause of action for the tort arose, I think it should now be consistently followed and the subrogation feature of the workmen's compensation act of Wisconsin be given effect as fully as was the exclusive remedy to damages.

If the present holding is right, then the first decision was wrong, whereby we took away from the personal representative a $4,000 judgment obtained under the Michigan statute for a tort and compelled the dependents of the deceased to be satisfied with a $3,000 award under the Wisconsin statutes.

Again, if a Wisconsin court has no power to compel a Wisconsin personal representative of a deceased Wisconsin citizen to assign to a Wisconsin employer a cause of action which was awarded in a Wisconsin court, the master having paid compensation to a Wisconsin widow for the same death, then this court has no right to take away from the personal representative the judgment first obtained.

If it be now intended to hold that double compensation for this identical injury and consequent death is to be permitted because the injury arose in Michigan, then surely we had no right to take away the first judgment. Again, if double compensation be now permitted whereby dependents of the injured employee may claim compensation under the Wisconsin statute and also recover and keep damages for the same injury and death against some one causing such injury outside of the state of Wisconsin, then

manifestly there is an unfair discrimination, in that the Wisconsin employer whose employee is injured in another state has no right, although having paid full compensation, as measured by our statute, for the injury or death, to recover against the wrongdoer, while if the accident happens in Wisconsin he has such right.

If the court had power in the first instance to lay its restraining hand on the personal representative as to her enforcing this judgment, I can see no grounds upon which it could be properly held it must now stay its hand in carrying out another provision of the same compensation act.

For these reasons I. cannot agree with what is said in the majority opinion.

Doerfler, J., took no part.