City of Milwaukee, Appellant, vs. Boynton Cab Company and others, Respondents.

*December 3, 1929—February 8, 1930.*
*May 2—June 11, 1930.*

582

The cause was submitted for the appellant on the brief of *John M. Niven,* city attorney, and *Andrew W. Brunhart,* assistant city attorney, and for the respondents on that of *Lines, Spooner & Quarles,* attorneys for the Boynton Cab Company and the General Accident Fire and Life Assurance Corporation, *Hoyt, Bender, Trump, McIntyre & Hoyt,* attorneys for Ladke, Wauer, and Inter-State Exchange, and *Eugene L. McIntyre* and *Chas. B. Quarles* of counsel, all of Milwaukee.

On motion for a rehearing a brief was submitted by *Joseph E. Tierney* of Milwaukee as *amicus curiæ.*

The following opinion was filed February 8, 1930:

CROWNHART, J. It appears from the order overruling the demurrers and the briefs of counsel that the matters submitted to the trial court for decision were only the demurrers

to the pleas in abatement, although the demurrers are broad enough to include the general defense. We are therefore considering only the ruling of the court on the pleas in abatement.

The complaint was evidently drafted on the theory that the causes of action of the plaintiff depended upon the provisions of the workmen's compensation act, and particularly upon sec. 102.29 of the Statutes, which reads as follows:

"(1) The making of a lawful claim against an employer or compensation insurer for compensation under sections 102.03 to 102.34, inclusive, for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear. . . ."

The compensation act makes the employer liable to his workmen for accidents to the workmen growing out of the employment, irrespective of questions of negligence. The workmen's compensation act, however, seeks to relieve the employer or compensation insurer where the injury to his employee has grown out of the negligence or tortious act of a third party, by assigning to the employer or compensation insurer the right of action which the employee has against such third party for the benefit of the employer or compensation insurer, to the extent provided by statute, and for the benefit of the employee, as provided by statute. The employer or compensation insurer, as the case may be, may enforce in his own name the liability of such third party for the benefit of the parties as their interests may appear. In such action the statute contemplates that the employer or insurer shall carry on the action as trustee for the injured employee or his representatives, to the extent that their interests appear, and account to them for any money that may be collected for them. Under the statute one third of the

recovery goes to the injured employee or his representatives.

The statute says that "the making of a lawful claim against an employer or compensation insurer for compensation . . . for the *injury or death* of an employee shall operate as an assignment of *any* cause of action in tort which the *employee* or his *personal representative* may have against any other party for such *injury or death.*"

Under the death statutes of 1898, secs. 4255 and 4256, it was provided that the action given by sec. 4255 should be brought by the personal representative of the deceased, but by the amendment of 1907 it was provided—

"That if there be no cause of action in favor of the estate of such decedent and the person or persons to whom the whole amount sued for and recovered belongs . . . shall be the husband, widow, or parent or parents of the deceased, suit may at his or her or their option be brought directly in his or her or their name or names instead of being brought in the name of the personal representative of such deceased person."

This amendment is significant of the legislative intent that the sums to be recovered in such case were personal to the party entitled thereto and in no sense any part of the decedent's estate. Not being any part of his estate, the deceased could not, without legislative authority, bargain away, by accepting the compensation act, the statutory rights given the beneficiaries named in the statute.

Construing sec. 102.29 and sec. 4256 (now sec. 331.04) together, we cannot find any such legislative intent, for sec. 102.29 provides only for the assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death. In the instant case the cause of action under the death statute belonged to the widow, which she could sue for in her own name, and her cause of action was not assigned to the city by force of the statute. *Anderson v. Mil-*

*ler Scrap Iron Co.* 176 Wis. 521, 182 N. W. 852, 187 N. W. 746. The facts set out in the complaint disclose a cause of action in favor of the estate for damages by reason of the pain and suffering of the deceased after the injuries, prior to his death, by reason thereof, and expenses to his estate for funeral and burial of the deceased. Upon a valid claim made upon the employer for compensation, this cause of action was assigned to the employer to collect and disburse as the interests of the parties thereto shall be determined under sec. 102.29. *Anderson v. Miller Scrap Iron Co., supra.*

The complaint also states facts from which a common-law action arises in favor of the city against the tortfeasors causing it damage by their wrongful acts.

The complaint alleges that plaintiff has become liable to pay a stated amount of compensation by reason of the tortious acts of the defendants, other than the insurance carriers, and that the insurance carriers are liable as such under their policies of insurance.

At common law the plaintiff is entitled to recover on the general principles of indemnity, where it has been obliged to pay damages by reason of the torts of another. Such is the case covered by the complaint here.

In *Washington Gas Co. v. District of Columbia,* 161 U. S. 316, 327, 16 Sup. Ct. 564, the District of Columbia had been required to pay damages to an injured party by reason of a defect in its street, which was primarily caused by the Gas Company. The District of Columbia brought action against the Gas Company to be indemnified for the damages it had been required to pay. The court there laid down the rule that "if the parties are not equally criminal, the principal delinquent may be held responsible to his co-delinquent for damages incurred by their joint offense." The court cites many cases illustrating the rule.

In the instant case the plaintiff was not even a co-delin-

quent. It was held liable to pay compensation simply by virtue of its being the employer of the injured man, and with greater reason it is entitled to be indemnified than the plaintiff in the case cited.

In *Baltimore & O. R. Co. v. Howard County Comm'rs,* 113 Md. 404, 77 Atl. 930, 933, the court laid down the rule that:

"Wherever the wrongful act of one person results in liability being imposed on another, the latter may have indemnity from the person actually guilty of the wrong."

The only exception to the above is where the parties are *in pari delicto.* The court in that case quoted from *Gray v. Boston G. L. Co.* 114 Mass. 149, as follows:

"The ground of the action is that the defendant has, by his own unauthorized act, exposed the plaintiff to a liability, and it is immaterial whether the liability is imposed by force of a statute or by the rules of the common law. In either case the plaintiff is held liable by inference of law, and not by reason of his active participation in the act which was the occasion of the injury."

In that case the owner of a building, to the chimney of which a gas company had, without the owner's consent, so affixed a wire as to render the chimney unsafe, and ultimately to cause its fall upon a passer-by, was held liable for the damage so caused, and when so required to pay damage he had an action against the company for indemnity.

We conclude that the complaint states a cause of action for indemnity by reason of the plaintiff having been required to pay compensation as a result of the tortious acts of the defendants.

The General Accident Fire and Life Assurance Corporation answered that its policy of insurance contains a provision that no action can be maintained thereon until judgment against the insured is secured, and asked that the action be abated until such time. To this defense the

plaintiff demurred. The answer in that respect states a good defense, and the demurrer was properly overruled.

The complaint is not a model pleading, and the various answers and pleas in abatement are confusing. But it appears that none of the pleas in abatement states a defense, other than the one as to the General Accident Fire and Life Assurance Corporation. The demurrers to such pleas should have been sustained.

*By the Court.*—The order of the circuit court overruling the demurrer to the plea in abatement of the General Accident Fire and Life Assurance Corporation is affirmed; and the order overruling the demurrers to the other pleas in abatement is reversed.

The following opinion was filed June 11, 1930:

FOWLER, J. Upon motion for rehearing reargument was ordered on two questions: (1) Was the widow's cause of action for death by wrongful act assigned to the employer by virtue of sec. 102.29 of the workmen's compensation act? (2) Did the city's payment of the award of the industrial commission give it a common-law cause of action against a person negligently causing the death for recovery of the amount paid?

(1) Sec. 331.03, Stats., gives a cause of action to a widow for death of her husband by wrongful act. Sec. 331.04 provides every such action shall be brought in the name of the personal representative, and that if there be no cause of action in favor of the estate the beneficiary (widow) may bring action in her name at her option. Here there was an action in favor of the estate. So the widow had no option. The action here had to be brought by the personal representative.

Sec. 102.29 provides that the making of a lawful claim under the workmen's compensation act against an employer

for compensation for injury or death of an employee shall operate as an assignment of any tort action which the employee or personal representative has against any other person for the injury or death.

We are of the opinion upon reconsideration that the action of the widow was assigned. The compensation act was passed in 1911. At that time the action of the relative for wrongful death could only be brought by the personal representative. Option to the beneficiary to sue if there was no action in favor of the estate was given by ch. 186, Laws of 1913. Thus when sec. 102.29 was enacted only the personal representative had any right of action. He had two rights of action: one for the estate and one for the beneficiaries, but both were his and his only to bring. Both causes of action must have been in the mind of the legislature when they provided for assignment, and it must have been their intention that both were assigned. We should not go afield for reason or excuse for evading or escaping the effect of plain language. Several decisions of the court under facts like those here involved have *assumed* the cause of action of the widow was assigned. *United States F. & G. Co. v. Christiansen*, 193 Wis. 1, 212 N. W. 660; *Saudek v. Milwaukee E. R. & L. Co.* 163 Wis. 109, 157 N. W. 579; *McGonigle v. Gryphan, ante,* p. 269, 229 N. W. 81. The case of *Anderson v. Miller Scrap Iron Co.* 176 Wis. 521, 182 N. W. 852, 187 N. W. 746, inferentially supports the view of assignability of the widow's claim. The final judgment was for dismissal as to the company "without prejudice," thus implying that the company, on paying the award to the widow under the compensation act, might bring action against Miller, the tortfeasor who caused the death.

In *Combined Locks Paper Co. v. Industrial Comm.* 187 Wis. 48, 203 N. W. 946, the holding is that where a widow sues under the death act she cannot have an award under the compensation act. But in the opinion Mr. Justice CROWN-

HART discussed the construction of the provision of the compensation act respecting assignment and said there could be no doubt of its meaning. He said the legislative intent was to allow the employer to recover from the wrongdoer liable for damages under sec. 4255, the death statute, as an offset to the compensation paid up to two thirds of the recovery; and that the making of a lawful claim by the widow for compensation in that case would have operated as an assignment of her claim and that of her personal representative. While the statement was beside the point of the case, it expressed the writer's considerate opinion on the point here involved and was accepted by the court as manifestly correct. It is in accord with the construction we now give to the statute on mature consideration.

The statements in the original opinion of Mr. Justice CROWNHART so far as in conflict with the above are withdrawn.

Contention was made on the original argument and in the briefs that, the widow having died subsequent to payment of the award, the cause of action in her favor abated, and that the plaintiff has no right to proceed with her action. But at common law any cause of action that was assignable survived. Assignability and survivability are convertible terms. 37 Cyc. 636; *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109. Applying this rule, the statute by making the widow's claim assignable made it survive. It made it survive for the benefit of the employer to recoup his payment up to two thirds of the amount recovered, and for the benefit of the widow to the extent of at least one third of the recovery. An action thus assigned and that thus survives commenced by the employer cannot wholly abate. It must continue for the benefit of the employer at least. A distinction might perhaps be drawn between such continuance and continuance for the benefit of the estate of the deceased widow; but as at common law the death of the

plaintiff in a cause of action that was assignable did not abate the action permanently but only until revival should be had in the name of the personal representative, we hold also that the action so far as it involves the widow's portion of the recovery did not abate by her death. The only effect of the widow's death is to require the plaintiff to account to the widow's personal representative instead of to the widow for her share of the recovery.

(2) By the constitution, art. XIV, sec. 13, the common law is the law of the state until changed by the legislature. At common law no action lay for death by wrongful act. No recovery could be had by any person for any sort of injury resulting to him from the death of any person caused by the wrongful act of another. Action did lie to recover the loss sustained for the injury to servant, wife, or child from the time of the act resulting in death to the time of death. *Baker v. Bolton,* 1 Campb. 493; *Hyatt v. Adams,* 16 Mich. 180; *Long v. Morrison,* 14 Ind. 595. The recovery in such case was limited to the value of the service lost and the expense of medical treatment. In only one case to be found in the books, *Ford v. Monroe,* 20 Wend. 210, was recovery had for any other loss caused by injuries resulting in death, and the point whether such action lay was passed by the court without mention. It was apparently assumed by the court and counsel that the action lay. The correctness of the decision was questioned in *Pack v. Mayor, etc.* 3 Comst. (N. Y.) 489, where it is suggested that recovery should be limited to expense for medical and *funeral expenses.* Were the latter item recoverable, it would support the view advanced by Mr. Justice CROWNHART, but we have searched in vain for a case at common law allowing recovery for such item. The *Ford Case* was subsequently overruled. In *Green v. Hudson River R. Co.* 28 Barb. 9, the trial court refused to follow it. This decision was affirmed on appeal and the opinion of the trial judge highly commended in 2 Keyes

(N. Y.) 294. The opinion in 28 Barbour contains the clearest exposition of the matter that we have been able to find. The discussion therein and in *Hyatt v. Adams, supra,* make plain the common-law rule and with the authorities cited place the matter beyond controversy. They seem to leave the reason, if it may be called such, forming the basis of the common-law rule in doubt, but not so as to the rule itself. Our legislature long ago changed the rule so as to give a right of action to specified relatives and more recently made other provision in the workmen's compensation act. Secs. 331.03, 331.04; ch. 102, Stats. But it has not changed the rule otherwise and we can do none other than follow the common law. While the cases cited in the original opinion of Mr. Justice CROWNHART and other cases cited in the brief of counsel for appellant, particularly *Boston W. H. & R. Co. v. Kendall,* 178 Mass. 232, 59 N. E. 657, and *Travelers Ins. Co. v. Great Lakes E. W. Co.* 184 Fed. 426, taken at their face, support the rule as originally declared herein, and would produce a result more in accord with justice, we are constrained to withdraw the original statement and hold that the plaintiff's sole remedy and recovery must rest upon the rule declared in (1) hereof.

The withdrawals of statements in the original opinion require no change in the mandate.

*By the Court.*—Statements of the original opinion are withdrawn as above indicated. The original mandate is confirmed.