BERNARD, Special Administratrix, Respondent, vs. JENNINGS, Appellant.

*September 13—October 11, 1932.*

118

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Ralph W. Jackman.*

For the respondent there was a brief by *Genrich & Genrich,* attorneys, and *L. A. Pradt, Jr.* of counsel, all of Wausau, and oral argument by *Mr. Pradt* and *Mr. Fred W. Genrich.*

ROSENBERRY, C. J. On behalf of the defendant it is argued that the rule applicable to host and guest should be applied as between Bernard and Jennings and that as a consequence Bernard was guilty of contributory negligence as a matter of law in intrusting himself to the care of Jennings while he slept in the truck. Bernard and Jennings were clearly co-employees and as such owed to each other the duty to exercise ordinary care in discharging the duties of their common employment. *McGonigle v. Gryphan,* 201 Wis. 269, 229 N. W. 81.

The question of whether or not Bernard was guilty of contributory negligence in permitting Jennings to take full charge of the truck while he was asleep, under all the circumstances known to him, was fully covered in the questions submitted by the court in the special verdict and the instructions of the court. Being co-employees, the mere fact that they were assisting each other in the performance of a duty which they owed to their common employer does not warrant holding that they were engaged in a joint enterprise as that term is used in the law of negligence.

It is likewise considered that such issue as was presented

with respect to the assumption of risk was fully covered by the questions submitted and the instructions given.

Under the statutes of the state of Indiana, where the accident occurred, where death to one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter if the former might have maintained an action and had he or she (as the case may be) lived, for the injuries for the same act or omission. 1 Burns' Ann. Stats. sec. 292. No question is raised as to the vesting of the cause of action given by the statutes of Indiana in a special administrator appointed in the state of Wisconsin, but it is claimed that the plaintiff having sought and obtained compensation under the workmen's compensation act (ch. 102, Stats.) of the state of Wisconsin, she is not as special administratrix entitled to recover for damages against the defendant, and that if she be entitled to recover at all, the damages must be diminished by at least the amount which she received under the workmen's compensation act of the state of Wisconsin. In this case, the widow having made claim for compensation, the insurance carrier, deeming itself thereby vested with an interest in a cause of action in the state of Indiana, made an attempted assignment of that cause of action to the plaintiff. The workmen's compensation act provides:

"Section 102.29 (1) (a) . . . The making of a lawful claim against an employer or compensation insurer for compensation under sections 102.03 to 102.34 for the injury or death of an employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death."

Manifestly, this law cannot so operate as to work an assignment of a cause of action arising under the laws of the state of Indiana. The assignment was inoperative as

the insurance carrier had nothing to assign. The law does not make the transfer of a claim against a third party a condition precedent to the right to claim compensation by requiring an assignment of the claim to be made by the party entitled to recover therefor. The law operates upon the cause of action itself. While the widow was appointed special administratrix in this case, the result would have been the same had any other person been appointed. She asserts a right given to an administratrix under the laws of the state of Indiana. She made claim for compensation under the Wisconsin act as the widow of the deceased and in her own right.

The liability of the defendant Jennings for the wrongful act found by the jury to have been committed by him in the state of Indiana arises under the law of the state of Indiana, and the law of that state determines not only the source of the obligation but its extent. That liability cannot be affected by a law of the state of Wisconsin. All legislation is *prima facie* territorial and it does not operate beyond the limits of the jurisdiction in which it is enacted. *New York Cent. R. Co. v. Chisholm,* 268 U. S. 29, 45 Sup. Ct. 402, 38 A. L. R. 1048.

The statute does not operate to diminish the recovery against a third party by the amount of compensation awarded under the compensation act. On the contrary it provides for reimbursement of the insurance carrier. *Miller Scrap Iron Co. v. Boncher,* 173 Wis. 257, 180 N. W. 826.

In any event the defendant is in no position to complain. If the accident had occurred in the state of Wisconsin, the insurance carrier or the personal representative of the deceased (or the widow), as the case might be, would have been entitled to recover the full amount of the damages. Whether the insurance carrier is entitled to any part of the recovery in this case is no concern of the defendant.

*By the Court.*—Judgment affirmed.