# CASES DETERMINED

# January Term, 1927.

---

UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent, vs. CHRISTIANSEN and another, Appellants.

*January 14—May 3, 1927.*

*Master and servant: Safe-place-to-work statutes: Member of partnership as employer: Unshored trench in which employees were not directed to work: Liability of partnership for death of person engaged in rescuing partner.*

1. A member of a partnership which employed a subcontractor to dig and back-fill a trench was an "employer" within the meaning of sub. (3), sec. 101.01, Stats., whose duty it was to make the place of employment for his employees safe. p. 4.
2. Where the partner had not, as an employer, exercised his judgment regarding the shoring up of the walls of a trench, and had not directed any employee to work in or near the trench in which an employee of an independent contractor was killed while attempting to rescue such partner, it was not a "place of employment" within the meaning of sub. (1), sec. 101.01, Stats. p. 5.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action to recover damages based on negligence. The plaintiff issued a compensation insurance policy to Karl H. De Sombre, who was employed by Christiansen and *Bernett* to dig a sewer trench. C. D. Percy, an employee of De Sombre, in the course of his employment accidentally

came to his death by being caught in a cave-in of the sewer trench which De Sombre was excavating. Percy was seeking to rescue Christiansen, who was in the trench at the time, from imminent peril. Plaintiff paid the compensation to Percy's widow under an award of the industrial commission, and then brought this action against *Bernett* as surviving partner of the firm of Christiansen & Bernett, claiming the right to subrogation, by virtue of the compensation act, to the action in tort which the widow had against such partner.

At the trial a demurrer *ore tenus* was interposed to the complaint, which was overruled. The case was submitted to a jury, which rendered a special verdict as follows:

"(1) Did the nature of the material through which the ditch passed at the place of the cave-in, under all the circumstances present, require shoring of the ditch walls in order to render the place where Mr. Christiansen was working a reasonably safe place in which to work? *A.* Yes.

"If to 1 you answer 'Yes,' answer 2:

"(2) Was the want of shoring the proximate cause of Mr. Percy's death? *A.* Yes.

"(3) Was there any want of ordinary care on the part of Mr. Percy in going to Mr. Christiansen's rescue? *A.* No,"—

and assessed damages at $5,000.

From the judgment in plaintiff's favor defendant appealed and assigns as errors: That the trial court erred in overruling the demurrer *ore tenus* to the complaint as not stating facts sufficient to constitute a cause of action; that the court erred in denying defendant's motion for directed verdict and defendant's motions for judgment notwithstanding the verdict; and the trial court erred in instructions to the jury.

For the appellant *Bernett* there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and *C. F. Van Pelt* of Fond du Lac, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Duffy & Duffy* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

The following opinion was filed March 8, 1927:

CROWNHART, J.   Coming directly to the merits of the action, the facts may be briefly stated.

Christiansen and *Bernett* were partners, having a contract to build a sewer for the city of Fond du Lac.   They employed De Sombre, who owned a ditching machine, to dig and back-fill the sewer trench at a specified price per lineal foot.   November 21, 1923, De Sombre began his operations and had dug about thirty feet of trench when the accident happened.   Christiansen was in the trench, about ten feet back of the digging machine.   The machine could dig about twelve feet deep, and at the place where it was operating the trench had to be somewhat deeper.   Christiansen was digging to the required depth and throwing the dirt into the machine to be elevated, when a cave-in deposited dirt around his legs and held him fast.   He called for help and Percy responded. A second cave-in followed and both men were covered with earth, causing their death.

The respondent insurance company claims that Christiansen and *Bernett* were negligent in failing to shore up the sides of the trench to prevent such an accident.   It claims that the partnership neglected to furnish a safe place of employment, as required by law.   The jury so found.   The appellant contends that the trench was not a "place of employment" within the definition of that term found in the Industrial Commission Act, sub. (1), sec. 101.01, Stats., which reads as follows:

"(1) The phrase 'place of employment' shall mean and include every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business. is carried

on, and where any person is directly or indirectly, employed by another for direct or indirect gain or profit, but shall not include any place where persons are employed in private domestic service or agricultural pursuits which do not involve the use of mechanical power."

Was the place where Percy met his death a "place of employment" as so defined?

De Sombre had five men on the job, including Percy, digging the trench. They all worked outside the trench and had no work to do in the trench. Christiansen was the only person who had gone into the trench prior to the accident. De Sombre's men were operating the machine and cleaning the dirt from the conveyor on the sides of the trench. Percy's duties were to keep the south bank clean of dirt and watch the grade. The main portion of the dirt was carried by the conveyor over on the north side of the trench. There was evidence from which it appeared that the two crews worked in harmony and exchanged work occasionally on minor things. There was evidence to the effect that there were one or two employees of the partnership at work near the ditch. One was mixing mortar for Christiansen to lay pipes in the ditch. It was the intention of the partners to follow close behind the ditchers in laying the sewer pipe. The sewer pipes were on the ground ready to be laid.

Christiansen was not an employee within the meaning of sec. 101.01, Stats. He was an employer. For the purposes of the compensation act he may have had the status of an employee if he was earning a wage independent of partnership profits (sub. (4), sec. 102.07), but that did not make him an employee as defined in the safety act. It was his duty to make the place of employment for his employees safe. The evidence does not show that up to the time of the accident any employee had gone into the trench or in the zone of danger, and none had been directed to do so. Christiansen had been asked if he was going to shore up the

walls of the trench, to which query he responded with a shrug of his shoulders, indicating that he had not yet reached a decision as to what should be done in that regard. The question to be decided here is: Had the place become one of employment? Unless it had, Percy was not a frequenter, within the statute. A frequenter is one who is in a place of employment other than as a trespasser. Sub. (5), sec. 101.01, Stats. There must be a dividing line somewhere between a place where men may become employed and where they are employed. Here no one was directly or indirectly employed to work in or near the trench. It would seem that the employer, Christiansen, had not yet exercised his judgment as to whether the walls should be shored. He still had time to decide that question before directing any of his employees to enter therein. Only a short time had elapsed since the trench excavation had begun. The rule of the industrial commission, order No. 53, required shoring of the walls only when it was necessary to make a safe place of employment, and it leaves room for the exercise of judgment on the part of the employer. The rule provides:

". . . All excavations which are located in sandy or wet soil, or in any soil which is liable to cave in, must be securely shored up."

We cannot say that the trench was a place of employment until the employer had exercised that judgment and before any employee was required to be in or about the place of danger. It is fairly evident that Christiansen had the matter of shoring the walls under consideration, and that the time had not yet arrived when he was required to make his decision. Until then the place was not one of employment. We do not mean to infer that a place of employment should be limited to the trench. On the contrary, it should cover the entire field of danger to employees in the performance of their duties.

There is no contention that there is a cause of action against the defendant unless the trench was a place of employment.

*By the Court.*—The judgment of the circuit court is reversed.

A motion for a rehearing was denied, with $25 costs, on May 3, 1927.